[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a hearing on objections to the report of the attorney trial referee filed by both plaintiff and defendants, the court rejects the report and refers this action to another attorney trial referee ("ATR") for a new trial. Prior to the scheduling of a new trial date, the case will be pre-tried by a special master from the Executive Committee of the Construction Law Section of the Connecticut Bar Association.
The report is rejected for the following reasons:
1. As both parties agree, there is no basis in the evidence for the ATR's conclusion that the plaintiff should recover judgment in the amount of $75,000. The report itself finds in paragraphs 13, 18 and 19 that the plaintiff's claim for damages was for $100,379.82. The nature of the claim and the defenses thereto are such that judgment for any partial amount would be highly unlikely. The report fails to set forth any reasoning supporting judgment in any partial amount.
2. The ATR's conclusion that the plaintiff as a "third tier" contractor could not recover on the bond under General Statutes § 49-42 is inconsistent with his factual finding that the bond in question provided a "guaranty of payment to all parties providing materials and labor in connection with the project." (Paragraph 32, emphasis added.)
3. Insofar as the ATR found that the plaintiff as a third tier contractor could not recover on the bond and therefore dismissed the action as to St. Paul Mercury Insurance, the surety on the bond, there may be an inconsistency in the report, which recommends judgment in favor of the plaintiff against Pace Construction Inc., which is the principal on the bond. The report does not specify whether the recommended judgment should enter on the first count, which is a claim on the bond, or on the second count, a claam on the guaranty.
CHRISTINE S. VERTEFEUILLE, JUDGE CT Page 5607